**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
(Eastern Division)**

| | |
|---|---|
| **ERIC WEDGEWOOD**, | |
| *Plaintiff*, | |
| v. | Civil Action No.: 1:19-cv-03470 |
| **THE DAILY BEAST COMPANY, LLC**, | Judge John Z. Lee |
| *Defendant*. | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S 12(b)(6) MOTION TO DISMISS

Plaintiff, ERIC WEDGEWOOD, by and through counsel, COLE SADKIN LLC, responds in opposition to Defendant, THE DAILY BEAST COMPANY, LLC's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and, in support of his opposition, states as follows.

### INTRODUCTION

1.     On or about April 24, 2018, Defendant, The Daily Beast Company, LLC ("The Daily Beast" or the "Publication") published false and defamatory statements on its website about the Plaintiff in an article titled "He Started Messaging Me When I was 16" (the "Defamatory Article"). The Defamatory Article publicly identifies Plaintiff by his full name and is easily viewable and searchable by the public. Plaintiff is a private citizen and not a public figure. The Daily Beast's false, defamatory statements placed Plaintiff in a false light and significantly injured Plaintiff both personally and professionally.

2.     Thereafter, Plaintiff requested The Daily Beast take down the Defamatory Article. The Daily Beast refused, alleging that the Defamatory Article does not specifically accuse the Plaintiff of bad acts as alleged. On April 19, 2019, Plaintiff sued The Daily Beast for defamation

*inter alia*. The Daily Beast removed the action to federal court then filed this present Motion to Dismiss.

3.     The Daily Beast filed its Motion to Dismiss — in what can be seen as no more than a dilatory tactic — and purports to engineer a basis for dismissal of Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) (failure to state a claim). Plaintiff's verified complaint states properly plead claims against The Daily Beast for defamation (Count I), false light (Count II), intentional infliction of emotional distress (Count III), declaratory judgment (Count IV), and preliminary and permanent injunction (Count V). The Daily Beast's motion is without merit and should be denied.

## PROCEDURAL BACKGROUND

4.     On or about April 19, 2019, Plaintiff Eric Wedgewood commenced a state court action for defamation titled *Eric Wedgewood v. The Daily Beast Company, LLC*, Case Number 2019-L-004206. Defendant The Daily Beast Company, LLC was properly served with a copy of the Summons and Complaint on or about April 24, 2019.

5.     Specifically, as set forth in his Complaint Plaintiff alleges Defendant published defamatory statements about him in an article on its website that falsely commented on events surrounding a social media harassment campaign. Defendant removed to federal Court on or about May 23, 2019, arguing that the parties purportedly have diversity of citizenship and a purported amount in controversy in excess of seventy-five thousand dollars ($75,000).

6.     Plaintiff filed an initial Motion to Remand back to state court on June 12, 2019. Defendant filed an Opposition in Response to the Motion to Remand on July 3, 2019 to which Plaintiff replied on July 17, 2019. On July 3, 2019, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing Plaintiff's claims purportedly fail to state any claims.

## LEGAL STANDARD

7.      When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. S.J. v. Perspectives Charter Sch., 685 F. Supp. 2d 847, 853 (N.D. Ill. 2010). "To state a claim upon which relief can be granted, a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Id.

8.      The plaintiff must allege facts that when accepted as true state a claim to relief that is plausible on its facts, but detailed factual allegations are *not* required. *See id.; see also* Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009).

9.      When the factual content in the pleadings allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged, then a claim has facial plausibility. S.J., 685 F. Supp. 2d 847, 853 (N.D. Ill. 2010). "When addressing a state law claim, a federal district court in Illinois must attempt to predict how the Illinois Supreme Court would decide that particular issue." Id.

## ARGUMENT

### A.  Plaintiff's Complaint Properly Pleads Defamation

10.      The Daily Beast contends in its motion that Plaintiff has purportedly failed to plead defamation with requisite sufficiency:

> Although the Complaint formulaically states that the Article included false or defamatory statements, it fails actually to identify any such statements . . . Instead of pleading any false and defamatory statements, the Complaint objects at length about what is *not* in the Article . . . The Complaint does allege that one specific statement in the Article is false . . . But [Plaintiff] does not allege it is defamatory." Def.'s Mot. Dismiss p. 5-6.

3

11.     The Daily Beast errs on this point. Plaintiff properly plead defamation as a claim under Illinois law and as such The Daily Beast's motion is without merit. For a party to properly plead a claim for defamation under Illinois law the party must allege sufficient facts. Specifically, in Illinois:

> the elements of a claim for defamation are: (1) a defamatory assertion of fact about the plaintiff; (2) publication; and (3) injury to the plaintiff's reputation. Words are considered defamatory per se under Illinois law if they: (1) impute the commission of a criminal offense; (2) impute infection with a loathsome communicable disease; (3) impute inability to perform or want of integrity in the discharge of duties of office or employment; or (4) prejudice a party, or impute lack of ability, in his trade, profession or business (internal quotations and citations omitted). <u>Chisholm v. Foothill Capital Corp.</u>, 3 F. Supp. 2d 925, 938 (N.D. Ill. 1998).

12.     The Daily Beast argues "[Plaintiff] fails to state a defamation claim as a matter of law." <u>Def. Mot. Dismiss at p. 8 ¶ I.</u> This Court should reject The Daily Beast's argument for several reasons. First, a false statement of fact is what gives rise to an actionable defamation claim under Illinois law. *See generally* <u>Chisholm</u>, 3 F. Supp. 2d 925, 938 (N.D. Ill. 1998). In the instant action, The Daily Beast published false defamatory statements that, as alleged in the Complaint, that individually and when taken as whole place Plaintiff in a false light. The Daily Beast's false defamatory statements moreover caused harm to Plaintiff.

13.     These allegations as set forth in the Complaint must be assumed true for the purposes of a 12(b)(6) motion. *See* <u>S.J. v. Perspectives Charter Sch.</u>, 685 F. Supp. 2d 847, 853 (N.D. Ill. 2010). The Daily Beast, however, contends Plaintiff, as a matter of law, must allege something more than what has already been pled. That argument is without merit and the law on this point is clear: Plaintiff need only allege facts that accepted as true state a claim to relief that is plausible on its facts, but detailed factual allegations are *not* required. *See* <u>id.</u>; *see also* <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Moreover, Plaintiff is not required to prove

Plaintiff's case at this juncture. *See* id. Indeed, all that is required of Plaintiff at this stage is that the Complaint allege sufficient facts. *See* id. The Complaint does so. Therefore, The Daily Beast's motion should be denied.

14.     Second, as previously stated Plaintiff is not required to prove his case at this stage. The required elements of the tort have been pled adequately, The Daily Beast's motion, however, seems to suggest that Plaintiff, prior to and without the benefit of discovery, must at this stage prove those facts that establish the tort. For example, The Daily Beast states in its motion:

> [Plaintiff] complains that the Article 'provides no evidence' to support the . . . assertions and that the author failed to explain what she did to verify sources' identities . . . The complaint never alleges that [Plaintiff] *did not* exchange messages . . . or that [Plaintiff] did not flirt . . . That omission alone dooms his claim." Def. Mot. Dismiss at p. 9.

15.     The Daily Beast's apparent misunderstanding of the requisite pleading requirements places its motion squarely in the crosshairs of a meritorious denial. The Daily Beast's contention would seem to suggest, indeed, require more than what is actually required. As such, The Daily Beast's argument is without merit and its motion should be denied.

16.     Third, The Daily Beast asserts the First Amendment as a bar to Plaintiff's claims. This Court should reject The Daily Beast's arguments on this point, too. False defamatory speech such as the speech at issue here is not extended a shield from liability in tort by simply asserting the First Amendment in defense thereof. *See, e.g.,* Gertz v. Robert Welch, 418 U.S. 323, 340, 94 S. Ct. 2997, 3007 (1974). It is well established law that the First Amendment is not a valid defense to false defamatory speech like The Daily Beast's speech at issue in this case, particularly when the subject of those false defamatory statements is a private individual and not a public figure. *See* id.

17.     In fact, aside from the motion's conclusory statements and verbose platitudes The Daily Beast fails to cite a single case or law that would actually support such a proposition directly, indirectly, expressly, or impliedly. The Daily Beast may agree with its own characterizations, but the First Amendment does not protect it here. This court should reject The Daily Beast's arguments regarding the same because such arguments are without merit, and should deny its motion.

18.     Additionally, The Daily Beast's motion places defamation *per se* and defamation *per quod* at issue. The Daily Beast's arguments that purport to support the same are without merit because these categories of defamation are pled properly in the Complaint.

**B.     Defamation *Per Se* Is Properly Pled in the Complaint**

19.     Illinois law limits libel per se into four discrete categories: statements that impute (1) the commission of a crime, (2) infection with a loathsome disease, (3) unfitness or want of integrity in performing the duties of an office or employment, and (4) lack of ability in a person's business, trade, or profession. *See* <u>Resource Information Management System v. Collier</u>, No. 85 C 5018, 1985 U.S. Dist. LEXIS 12276, at *3 (N.D. Ill. Dec. 27, 1985). The Daily Beast's Article contains false defamatory statements about Plaintiff, namely, the Article's false allegations that Plaintiff solicited underage girls, which necessarily implies commission of a crime[1] under Illinois law.

20.     For example, the Article states "[Plaintiff] flirt[ed] with high school girls and hit on underage girls via direct message" (quotation marks omitted). These false defamatory statements are sufficient on their own, although bolstered by the Article's context regarding sexual misconduct, and the Article's false defamatory statements leave no doubt that the necessary and,

---

[1] In Illinois, indecent solicitation of a child is a Class 4 felony. *See* 720 ILCS 5/11-6.

more importantly, intended inferences and imputations are that Plaintiff engaged in alleged sexual misconduct involving underage girls that is reasonably understood as a crime.

21.     That is something The Daily Beast cannot simply eschew, and it cannot be ignored that the Article, too, completely fails to even attempt to clarify the veracity or falsity of the defamatory statements or the context in which they occur. Therefore, The Daily Beast's contentions that the Article cannot be defamatory or libelous *per se* as a matter of law is clearly without any merit whatsoever so the argument should be rejected and the motion denied.

### C.     Innocent Construction Rule Is Inapplicable to the Case at Bar

22.     The Daily Beast's Article is not protected by the Innocent Construction Rule and The Daily Beast's argument regarding the same is without any merit. Specifically, The Daily Beast's statements in the Article cannot be reasonably innocently construed because the character of the statements predictably and obviously injure Plaintiff's good name and reputation.

23.     "Whether a statement of fact is capable of innocent construction is a matter of law." Quinn v. Jewel Food Stores, 276 Ill. App. 3d 861, 868 (1995). "In determining whether a statement is defamatory, the court must focus on the predictable effect the statement had on those who received the publication." Id. In the instant case, the Article unambiguously and falsely states and suggests that Plaintiff allegedly solicited underage girls and this occurs within the context of the broader topic of sexual misconduct perpetrated by men against women.

24.     The Daily Beast conveniently mischaracterized the impute of the Article's statements arguing, "Reasonable readers understand the difference between an accusation of rape or other sexual criminal misconduct and an accusation of sending 'inappropriate' electronic messages. The Article does not accuse Wedgewood of doing anything more than the latter." Def.'s

Mot. Dismiss at p. 16. As previously explained solicitation of a minor is a Class 4 felony in Illinois and the Article's false statements as such clearly is defamation under Illinois law.

25.     In Illinois, indecent solicitation of a child is a Class 4 felony. *See* 720 ILCS 5/11-6. Here, the Article's imputation is that Plaintiff committed a crime or is a felon, or both, not merely that Plaintiff sent innocent electronic messages. *That is a distinction with a difference.* Moreover, the Article did not merely claim Plaintiff sent benign electronic messages in a vacuum, but rather it clearly accuses Plaintiff, who was an adult male, of sending "inappropriate" electronic messages of a sexual nature to underage girls.

26.     The Article's false defamatory statements leaves no room for any alternate innocence understanding of the words on the page, the context in which the words occur, or both. Said differently, there is simply no innocent way to construe what is so patently obviously intended to harm Plaintiff, who is also a private individual and not a public figure. The Daily Beast's contention to the contrary is without merit, should be rejected, and its motion denied.

27.     The Daily Beast's motion also uncharitably ascribes a "view" that "any statements questioning the propriety of potentially sexually suggestive communications could be interpreted as outright accusations of criminal sexual misconduct." Def. Mot. Dismiss at p. 16. That is an extreme proposition that should be disregarded. It is very clear that the Article publicly falsely accuses an adult man of sending inappropriate, sexually suggestive communications to underage girls.

28.     While a broader discussion about sexual misconduct may have real value in the public discourse, false public accusations against a private individual do not and such individuals clearly deserve legal protections and redress given the highly-destructive nature of such falsities to a person and her or his reputation.

29.    In Kumaran v. Brotman, plaintiff school teacher sued defendant newspaper for defamation alleging that the newspaper published statements about plaintiff describing plaintiff as a "con artist." 247 Ill. App. 3d 216, 225 (1993). The court in Kumaran explained:

> In Illinois, a statement is considered defamatory if it impeaches a person's integrity, human decency, respect for others or reputation and thereby lowers that person in the eyes of the community . . . as the gravamen of an action for defamation is damage to the plaintiff's reputation in the eyes of other persons . . . Words are defamatory per se if they . . . impute the commission of a criminal offense or prejudice a party in his trade, profession or business (quotations and citations omitted). Id. 247 Ill. App. 3d 216, 225 (1993).

30.    The court determined the plaintiff could plead a cause of action for defamation *per se* based upon the defendant newspaper's explicit remarks that plaintiff was "working a scam". *See* Id. The court explained that the clear import of the newspaper's article, in the court's own words, was that plaintiff was engaged in "scamming." Id. 247 Ill. App. 3d 216, 225 (1993). The court further reasoned that the newspaper's article could be found to be defamatory because it impeached plaintiff's integrity and reputation, and that it could be found to be defamatory *per se* because it could be found to have imputed that that plaintiff had committed a crime and because it could be found to have prejudiced the plaintiff in his profession as a school teacher.

31.    Like in Kumaran, here The Daily Beast's Article makes explicit remarks that plaintiff was engaged in criminality, i.e., the false statements accusing Plaintiff of soliciting underage females by sending them sexually suggestive communications. The clear import of the Article is the same. As such the Article is defamatory because it impeaches Plaintiff's integrity and reputation, because it imputes that Plaintiff committed a crime, and because it prejudices him in his profession.

32.    Again, there is simply no innocent way to construe what is so patently obvious in the Article. What the Article does not make clear, however, is that those allegations are completely

false and it does not even attempt to clarify the veracity or falsity of the statements. The Daily Beast's contention to the contrary is without merit, should be rejected, and its motion denied.

      **D.**      **Defamation *Per Quod* Is Properly Pled in the Complaint**

33.      The Daily Beast's Article is also defamatory *per quod*. Under Illinois law a defamatory *per quod* claim requires extrinsic facts to explain their defamatory meaning. *See* Quinn v. Jewel Food Stores, 276 Ill. App. 3d 861, 869 (1995). In this case, as explained above, there is no question as to the impute of the Article's defamatory statements. The arguments as set forth above are incorporated by reference here, thus, The Daily Beast's only other remaining argument regarding defamation *per quod* is that Plaintiff's properly plead special damages as required by Illinois law.

34.      The Daily Beast argues that Plaintiff has purportedly not properly pled required special damages as a necessary element to his defamation *per quod* claim. Def.'s Mot. Dismiss at p. 1, 16. The Daily Beast's argument is without merit, should be rejected, and its motion denied.

35.      First, as previously explained Plaintiff is not required to prove his case at this juncture. Second, Plaintiff properly and adequately pled damages, namely that Plaintiff "suffered substantial and irreparable damages, and will continue to suffer damages, including but not limited to loss of income, loss of good name, loss of reputation, loss of business, loss of personal association, as well as undeserved embarrassment, shame, humiliation, and emotional distress." Cmpl. ¶ 34.

36.      Nonetheless, The Daily Beast contends that this is not sufficient for Plaintiff to adequately plead his damages. Once again, Plaintiff is not required to prove his case at this juncture. Be that as it may, the law on this point is clear:

> It is an established rule of pleading that general damages . . . need not be specifically pleaded. This rule applies whether the action is in contract or tort, and for personal

injuries as well as property damage. The reasons for the rule is that the defendant should be surprised by a proffer of proof of the item of damage, since it is the natural and necessary consequence of the compensable injury alleged (citation omitted). Downers Gove Volkswagen, Inc. v. Wigglesworth Imports, Inc., 190 Ill. App. 3d 524, 530 (2nd Dist. 1989).

37.     The Daily Beast in its motion has not cited a single statute or even a case that stands for the proposition, or even the suggestion, akin to a requirement that plaintiffs generally (or the Plaintiff in this case specifically) must meet a specific degree of particularly for damages pleading as a rule, whether special damages or otherwise. *See, e.g.,* id. at 529-30 (noting that cases may provide examples of damage pleading in more specific terms but that there is no required rule as to the degree of particularly required for damage pleading).

38.     In fact, all The Daily Beast has really said in its motion is to offer its opinions and conclusory statements about the degree of specificity to which Plaintiff has, may or could have pled his damages—no more, no less, and that is despite the lengthiness of its motion. Moreover, this argument The Daily Beast advances that should be squarely rejected by this court because, like its motion, the argument is without merit.

39.     The Daily Beast cites reasoning in Kurczaba v. Pollock for its general contention that Plaintiff purportedly did not plead special damages sufficiently for defamation *per quod*. 318 Ill. App. 3d 686, 694, 252 Ill. Dec. 175, 183, 742 N.E.2d 425, 433 (2000). While it is true that "Illinois courts have consistently stated that general allegations such as damage to one's health or reputation, economic loss, and emotional distress are insufficient to state a cause of action for defamation *per quod*" it is also true that there is "no specific definition." Id. This a key distinction.

40.     Moreover, that distinguishes this case from the cases The Daily Beast cites in its motion. Here, unlike the cite cases, Plaintiff's Complaint alleges loss of income as special damages for his defamation claim "in the amount of fifty thousand dollars ($50,000)," as opposed to more

11

vague or underdetermined general damages allegations. Cmpl. at p. 8-9. This is more than sufficient under Illinois law for special damages pleading, and as repeatedly explained above Plaintiff is not required to prove his case at this juncture. Therefore, The Daily Beast's contentions to the contrary are without merit and its motion should be denied.

41.     Third, The Daily Beast relies on dicta set forth in Lifton v. Bd. of Educ. of City of Chicago, in support of its motion on the grounds that under Illinois law a claim for defamation, as pled in the Complaint, further requires that the defamatory statements contain an objectively verifiable factual assertion. 416 F.3d 571, 579 (7th Cir. 2005). The cited authority does stand for the proposition so stated; however, The Daily Beast grossly misapplies that requirement to the facts present here. As The Daily Beast describes it, "[Plaintiff] fails to allege that any actual statement is false, and . . . the implication [Plaintiff] ascribes to the Article is not a factual statement that is capable of being proven as true or false." Mot. Dismiss at p. 10.

42.     The Daily Beast's argument is a red herring and it is circuitous, moreover. The Article's false defamatory statements are exactly that—false and defamatory, and so stated nothing more needs to be pled as Illinois law *does not* require tautologies and circular reasoning to adequately plead a claim for defamation.  Moreover, it cannot be ignored that the Complaint makes abundantly clear the false statements at issue here and the context in which those statements occur, and the Complaint to that end speaks for itself. Therefore, The Daily Beast's argument is without merit, should be rejected, and its motion denied.

**E.      Plaintiff's Complaint Properly Pleads False Light Claim as Count II So Defendant's Motion Should Be Denied**

43.      Under Illinois law there are three elements necessary to state a cause of action for

false light. *See* <u>Kolegas v. Heftel Broad. Corp.</u>, 154 Ill. 2d 1, 180 Ill. Dec. 307, 607 N.E.2d 201

(1992). The Illinois Supreme court explains in <u>Kolegas</u>:

> First, the allegations in the complaint must show that the plaintiffs were placed in
> a false light before the public as a result of the defendants' actions. Second, the
> court must determine whether a trier of fact could decide that the false light in which
> the plaintiffs were placed would be highly offensive to a reasonable person. Finally,
> the plaintiffs must allege . . . that the defendants acted with actual malice, that is,
> with knowledge that the statements were false or with reckless disregard for
> whether the statements were true or false. The purpose underlying the false light
> cause of action is to define and protect an area within which every citizen must be
> left alone. 154 Ill. 2d 1, 18, 180 Ill. Dec. 307, 316, 607 N.E.2d 201, 210 (1992)
> (citations omitted).

44.      Plaintiff is not required to prove his case at the complaint stage and for the purposes

of a 12(b)(6) motion the allegations are already assumed true. <u>S.J.</u>, 685 F. Supp. 2d 847, 853 (N.D.

Ill. 2010). Second, the Complaint adequately states a cause of action for false light because it

clearly satisfies all three elements of this tort. First, Plaintiff, as explained above, has already

properly pled defamation, which is a necessary predicate to his false light claim.

45.      Second, the Complaint, as explained above, has already properly pled special

damages as to his defamation claims. Accordingly, The Daily Beast's only remaining contention

as it relates to Plaintiff's false light claim is actual malice. But the Complaint, too, has properly

pled actual malice.

46.      The false light in which The Daily Beast placed Plaintiff is highly offensive to a

reasonable person and The Daily Beast in so doing "acted with actual malice and knowledge that

the statements about Plaintiff were false and/or with reckless disregard for whether the statements

were true or false." <u>Cmpl. at p. 9.</u> Again, as previously discussed for the purposes of a 12(b)6

motion the allegations in the complaint are assumed true. <u>S.J. v. Perspectives Charter Sch.</u>, 685 F. Supp. 2d 847, 853 (N.D. Ill. 2010).

47.     Notwithstanding, The Daily Beast argues, "The Complaint fails to state a claim [for false light] for the fundamental reasons that, as discussed *supra*, [Plaintiff] does not plead that any allegedly defamatory statement is actually false." <u>Def.'s Mot. Dismiss at p. 20.</u> The Daily Beast's argument is a red herring and it is circuitous, moreover, as explained above, and the arguments in support of that are incorporated by reference here.

48.     The Daily Beast cites the Complaint at paragraphs 30 and 36 and argues that the Complaint's allegations are insufficient with respect to actual malice. Specifically, The Daily Beast argues, "[Plaintiff] pleads only that the challenged statements 'were made by Defendant with negligence or malice and with utter and reckless disregard for their truth or falsity' . . . These are the kind of conclusory, rote recitations of legal standards that are insufficient under *Iqbal* and *Twombly*." <u>Def.'s Mot. Dismiss at p. 21.</u> The Daily Beast's argument is without any merit whatsoever and should be rejected.

49.     First, as previously explained above the Complaint pleads facts sufficient to plausibly establish actual malice, therefore, The Daily Beast's argument is without any merit whatsoever. Second, the authority set forth in <u>Kruczaba v. Pollock</u> seasonably dispels with The Daily Beast's unmeritorious arguments. Specifically, the court in <u>Kruczaba</u> determined that where the plaintiffs' complaint alleged that all of the statements at issue were false that doing so meant the complaint "necessarily encompasses and includes each individual statement" and determined that to be sufficient. <u>Kurczaba</u>, 318 Ill. App. 3d 686, 697 (2000).

50.     The Daily Beast's only argument is that Plaintiff purportedly did not plausibly establish actual malice because the Complaint purportedly did not identify each statement or

statements individually. Like in <u>Kurczaba</u>, here, Plaintiff sufficiently alleged falsity as to any or all of the states precisely because the Complaint alleges all of The Daily Beast's defamatory statements in the Article are false. That is sufficient because as the court in <u>Kurczaba</u> explains that "necessarily encompasses and includes each individual statement." <u>Id.</u>

51. Finally, The Daily Beast argues that "because there are no factual allegations in the Complaint that would plausibly suggest that Lorenz or anyone else at The Daily Beast actually entertained serious doubt about the Article's statements, [Plaintiff] has failed to plead actual malice and his false light claim therefore fails as a matter of law." <u>Def.'s Mot. Dismiss at p. 22.</u> That argument is conclusory, speculative, and should be rejected, and as such The Daily Beast's motion should be denied because it is without any merit whatsoever.

## F. Plaintiff's Complaint Properly Pleads Intentional Infliction of Emotional Distress as Count III So Defendant's Motion Should Be Denied

52. The Complaint properly pleads intentional infliction of emotional distress (IIED). Under Illinois law, IIED has four elements:

> (1) extreme and outrageous conduct, (2) intent by the defendant to cause or a reckless disregard of the probability of causing emotional distress, (3) severe or extreme emotional distress suffered by the plaintiff, and (4) an actual and proximate causation of emotional distress by the defendant's outrageous conduct. <u>Hayes v. Ill. Power Co.</u>, 225 Ill. App. 3d 819, 826, 167 Ill. Dec. 290, 294, 587 N.E.2d 559, 563 (1992).

53. First, as discussed in the previous sections above the Complaint states factual allegations assumed true for the purposes of a 12(b)(6) motion, and the Complaint's allegations establish that The Daily Beast's publication of the Article's false defamatory statements was extreme and outrageous. As previously explained, moreover, Plaintiff is not required to prove his case at this juncture and the Complaint's allegations of distress are sufficient because as pled it is

"so severe that no reasonable man could be expected to endure [them]." <u>Cook v. Winfrey</u>, 141 F.3d 322, 331 (7th Cir. 1998).

54.    Here, as previously discussed, the false defamatory statements published about the Plaintiff by The Daily Beast were not merely factually inaccurate statements, or unkind, or even sharply critical, but rather the published statements are patent falsities that falsely accused Plaintiff of soliciting underage girls by sending them sexually suggestive communications.

55.    The Daily Beast's publication of these falsities is both extreme and outrageous, and the severe, extreme emotional distress the Plaintiff suffered as a result are pled in the Complaint, which clearly speaks for itself regarding the same. The factual allegations as alleged in the Complaint, thus, are sufficient for the purposes of the IIED claim under Illinois law. Therefore, The Daily Beast's arguments are without merit and its motion should be denied.

### G. Plaintiff's Complaint Properly Pleads Declaratory Judgment as Count IV So Defendant's Motion Should Be Denied

56.    The Daily Beast's only argument in opposition to Plaintiff's declaratory judgment claim is that it purportedly fails because "Plaintiff cannot make out any claim for defamation, false light or IIED." <u>Def.'s Mot. Dismiss at p. 24.</u> As discussed previously in the sections above, the Complaint properly pleads claims for defamation, false light, and IIED, and so, The Daily Beast's argument is without merit, should be rejected, and its motion should be denied.

### H. Plaintiff's Complaint Properly Pleads Injunctive Relief as Count V So Defendant's Motion Should Be Denied

57.    The Daily Beast contends that Plaintiff's claim for injunctive relief is purportedly bared by the First Amendment and because purportedly "[Plaintiff] cannot meet the threshold requirement for an injunction that there is no adequate remedy at law." <u>Def.'s Mot. Dismiss at p. 24.</u> The Daily Beast's arguments are without merit and its motion should be denied.

16

58.     First, The Daily Beast argues, "[Plaintiff] asserts that he would like to obtain injunctive relief 'in the form of a take-down notice' for the Article, effectively squelching The Daily Beast's First Amendment-protected speech." Def.'s Mot. Dismiss at p. 24. The Daily Beast's argument is without merit, however. "[T]he erroneous statement of fact is not worthy of constitutional protection." Gertz v. Robert Welch, 418 U.S. 323, 340, 94 S. Ct. 2997, 3007 (1974). In Gertz, the Supreme Court explains:

> The need to avoid self-censorship by the news media is, however, not the only societal value at issue. If it were, this Court would have embraced long ago the view that publishers and broadcasters enjoy an unconditional and indefeasible immunity from liability for defamation . . . absolute protection for the communications media requires a total sacrifice of the competing value served by the law of defamation. 418 U.S. 323, 341, 94 S. Ct. 2997, 3007 (1974).

59.     The Court in Gertz distinguishes public figures and those holding government office who claim defamation from private individuals that advance the same claim: "we conclude that the state interest in compensating injury to the reputation of private individuals requires that a different rule should obtain with respect to them . . . Private individuals are . . . more vulnerable to injury, and the state interest in protecting them is correspondingly greater." 418 U.S. 323, 343, 94 S. Ct. 2997, 3008 (1974). Further, the Court in Gertz makes clear:

> States should retain substantial latitude in their efforts to enforce a legal remedy for defamatory falsehood injurious to the reputation of a private individual. The extension of the *New York Times* test . . . would abridge this legitimate state interest to a degree that we find unacceptable. And it would occasion the additional difficulty of forcing state and federal judges to decide on an *ad hoc* basis which publications address issues of "general or public interest" and which do not -- to determine . . . what information is relevant to self-government. 418 U.S. 323, 346, 94 S. Ct. 2997, 3010 (1974).

60.     In Kisser v. Coalition for Religious Freedom, the court acknowledges that "There is a ***heavy presumption that prior restraints on expression are unconstitutional. However, the prohibition is not absolute as there are exceptional cases*** in which a prior restraint is acceptable"

(citations omitted) (emphasis added). No. 92 C 4508, 1996 U.S. Dist. LEXIS 3906, at *3 (N.D. Ill. Mar. 27, 1996); *see also* CBS, Inc. v. Davis, 127 L. Ed. 2d 358, 114 S. Ct. 912, 914 (1994), Near v. Minnesota, 283 U.S. 697, 716, 75 L. Ed. 1357, 51 S. Ct. 625 (1931). This line of cases makes clear that in the context of defamation injunctive relief, like that pled in the Complaint, is not an unconstitutional prior restraint on a news agency's First Amendment-protected speech.

61.     The Daily Beast, however, contends that the First Amendment is an absolute bar and that enjoining defamatory speech is always an unconstitutional prior restraint. Specifically, The Daily Beast contends "a prior restraint on speech is one of 'the most serious and the least tolerable infringement[s] on First Amendment rights' . . . Thus even if [Plaintiff] had asked for such a remedy in Count V, he would not be entitled to it." Def.'s Mot. Dismiss at p. 25. The Daily Beast's argument is without merit and it advances a position that *supra* is clearly contrary to law.

62.     Here, as previously explained, Plaintiff is a private individual and not a public figure, and The Daily Beast published false defamatory statements falsely accusing Plaintiff of soliciting underage girls by sending them sexually suggestive communications. The Daily Beast's false defamatory statements are so outrageous and so offensive that the First Amendment simply does not and cannot provide The Daily Beast the protection it so desperately seeks, and the law does not permit The Daily Beast to defame Plaintiff.

63.     As the Supreme Court explains, "absolute protection for the communications media requires a total sacrifice of the competing value served by the law of defamation." Gertz, 418 U.S. 323, 341, 94 S. Ct. 2997, 3007 (1974). Therefore, The Daily Beast's arguments to the contrary are without merit, should be rejected, and its motion denied.

## CONCLUSION

For the reasons stated above Defendant's Motion to Dismiss is without merit and should be denied.

Respectfully submitted,

/s/ Mason Cole
One of the Attorneys for Plaintiff

COLE SADKIN LLC
Mason S. Cole
Dean J. Tatooles
Conner Singleton
20 S. Clark Street, Suite 500
Chicago, Illinois 60603
Tel: (312) 548-8610
Fax: (312) 372-7076
mcole@colesadkin.com
dtatooles@colesadkin.com
csingleton@colesadkin.com
ARDC# 63007727
**ATTORNEYS FOR PLAINTIFF**

<table>
<tr><td colspan="2" align="center"><b>PROOF OF SERVICE</b></td></tr>
<tr><td colspan="2">The undersigned certifies that the foregoing instrument was served upon all parties to the above-named cause by:</td></tr>
<tr><td>( ) Personal Service</td><td>( ) First Class Mail</td></tr>
<tr><td>( ) Certified Mail, return receipt requested</td><td>( ) Facsimile</td></tr>
<tr><td>( ) Airborne Express (overnight)</td><td>(X) Electronic Filing</td></tr>
<tr><td><b>(X) Electronic Mail</b></td><td></td></tr>
<tr><td colspan="2">on the <u>29th day of July, 2019</u>.</td></tr>
<tr><td colspan="2">I declare that the statements above are true to the best of my information, knowledge, and belief.<br>/s/ Michael Teal</td></tr>
</table>

19

*Original to*:

BRYAN CAVE LEIGHTON PAISNER LLP
Brian A. Sher
Lauren J. Caisman
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Tel: (312) 602-5000
Fax: (312) 602-5050
brian.sher@bclplaw.com
lauren.caisman@bclplaw.com

BALLARD SPAHR LLP
Chad R. Bowman
Matthew E. Kelley
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
bowmanchad@ballardspahr.com
kelleym@ballardspahr.com
**ATTORNEYS FOR DEFENDANT**